**FILED**

**2008 MAY -5 PM 12:55**

**CLERK U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT MYERS DIVISION**

IN THE COUNTY COURT IN AND FOR
LEE COUNTY, FLORIDA

CASE NO. 2:08-cv-361-FTM-34SPC

08-CC-002533
Judge: Duryea, John E, Jr.

JASON WHITE,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.

_____/

**FILED**

**MAR 1 0 2008**

**CHARLIE GREEN, CLERK**
**CIRCUIT/COUNTY COURTS**
**BY:_____ D.C.**

## COMPLAINT

NOW COMES the Plaintiff, JASON WHITE, by and through his attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, NCO FINANCIAL SYSTEMS, INC., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq. and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72.

### PARTIES

2. Plaintiff, JASON WHITE ("Plaintiff"), is a "consumer" as defined by the FDCPA, who was at all relevant times residing in Lee County, State of Florida.

3. At all relevant times herein, Defendant, NCO FINANCIAL SYSTEMS, INC ("Defendant") or ("NCO") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in Lee County, Florida.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. NCO

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7. Defendant regularly collects debts from consumers such as the Plaintiff.

8. Over the past year, Defendant's employees and agents have engaged in a pattern of harassment by way of repeated phone calls to Plaintiff and/or his grandmother in at attempt to collect the aforementioned alleged debt.

9. Neither on Defendant's first contact with the Plaintiff, nor within five (5) days thereafter, did Defendant provide Plaintiff with notice of the amount purportedly owed, the name of the creditor to whom the debt was purportedly owed and/or the fact that Plaintiff was entitled to dispute the purported debt.

10. On numerous occasions in the past year, Defendant's employees and agents have called Plaintiff's grandmother in regard to the purported debt and discussed the details of the debt with her.

11. On at least one occasion in the past year, Defendant's employees and agents threatened to continue calling Plaintiff's grandmother in regard to the purported debt.

12. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

a.  Failure to provide notice to Plaintiff of his rights pursuant to 15 USC § 1692g during the initial communication, or to send the same in writing within 5 days thereof in violation of 15 U.S.C. 1692g;

b.  Threatening to take action that cannot legally be taken, including threatening to continue calling Plaintiff's grandmother, who had already been called numerous times in connection with collection of the debt in violation of 15 U.S.C. §1692e(5);

c.  Communicating repeatedly with Plaintiff's grandmother about Plaintiff's debt, including sharing Plaintiff's account number with her and mentioning that they are a collection agency and are looking for her grandson in violation of 15 U.S.C. 1692c(b) & § 1692b(2) and (3); and

d.  Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

13.  As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in his daily routine thus warranting an award of emotional and/or mental anguish damages.

14.  Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing additional injury to Plaintiff's feelings, mental anguish and distress.

15.  As a result of the above violations of the FDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JASON WHITE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AGAINST NCO

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 in one or more of the following ways:

a. Willfully communicating with the debtor or any member of his family with such frequency as could reasonably be expected to harass them, or willfully engaged in other conduct which could reasonably be expected to abuse or harass the debtor or any member of his family in violation of Fla. Stat. §559.72(7); and

b. Was otherwise deceptive and failed to comply with the Florida Consumer Collection Practices Act.

18. As a result of the above statutory violations and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation,

embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, JASON WHITE, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY***

ALEX D. WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
9369 Sheridan Street, Ste. 656
Cooper City, FL 33024
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D. Weisberg, Esq.
FBN: 0566551